In re Winston JONES, Debtor.

**CHRYSLER CREDIT CORPORATION, Plaintiff,**

v.

**Margaret GRAHAM, Trustee,**

and

**Winston Jones, Debtor, Defendants.**

**Bankruptcy No. 80–00581K.
Adv. No. 80–0288K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Nov. 21, 1980.

---

**3.** 124 Cong.Rec. H11,096 (Sept. 28, 1978); S17,-413 (Oct. 6, 1978).

Terris J. Green, Philadelphia, Pa., for debtors.

Margaret Graham, Philadelphia, Pa., Trustee.

Roger M. Whiteman, Philadelphia, Pa., for plaintiff.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the court is the complaint of Chrysler Credit Corporation ("Chrysler") seeking relief from the automatic stay to permit it to complete foreclosure of its security interest in the debtor's automobile. This matter came to trial on July 15, 1980. Having heard the testimony of the witnesses and the arguments of the parties and having reviewed the briefs and pleadings on file, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Winston Jones ("Debtor") filed a petition under Chapter 13 of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 1301 et seq., on March 20, 1980, and Margaret Graham was appointed Trustee.

2. In June of 1979, Debtor purchased a 1976 Chevrolet Monte Carlo automobile from Broadway Chrysler. [N.T. 34]

3. At that time, a retail installment contract was entered into between Debtor and Broadway Chrysler, [N.T. 7] which was later assigned by Broadway Chrysler to Chrysler Credit Corporation. [N.T. 8]

4. Debtor is indebted to Chrysler in the amount of $2,546.00 pursuant to the terms of the installment contract. [N.T. 9]

5. The value of the automobile in question, as established by the March 1980 edition of the National Automobile Dealers' Association Guide ("Blue Book"), is $1,800.00.

6. Debtor has failed to make the monthly payments under the installment contract for April, May, June, and July of 1980. [N.T. 9]

7. Public transportation is available between Debtor's residence and his place of employment. [N.T. 38]

8. Debtor has access to his stepfather's automobile for use in his work. [N.T. 43]

## DISCUSSION

In Chrysler's Complaint for relief from the stay, it is alleged that the Debtor does not have equity in the automobile and that said automobile is not necessary to an effective reorganization. See § 362(d)(2) of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 362(d)(2).

The holder of the secured claim, as the party seeking relief from the stay, has the burden of proof on the issue of lack of equity. See Code § 362(g)(1). The Debtor has the burden of proof on all other issues, including that the property is necessary for an effective reorganization. § 362(g)(2).

In this case, the Court has found that the secured claim against the property, totalling approximately $2,546.00, precludes the Debtor from having any equity in the property valued at between $1,500.00 and $1,800.00, at most. Hence, the plaintiff has sustained his burden of proving lack of equity.

The Debtor has attempted to show that the automobile is necessary for the success of this Chapter 13 proceeding. However, having found that public transportation and his stepfather's automobile are available to Debtor, the Debtor has not sustained his burden of proof.

The Court has made its findings of fact and conclusions of law without the benefit

of any proposals by the Debtor. By Order dated October 17, 1980, Debtor was Ordered to submit its proposal by November 7, 1980. To date, said documents still have not been filed.

### CONCLUSIONS OF LAW

1. Chrysler Credit Corporation is entitled to relief from the automatic stay pursuant to § 362(d)(2) having shown that the Debtor lacks equity in the subject property and in the absence of a showing that such property is necessary to an effective reorganization.

2. Chrysler has a perfected security interest in Debtor's 1976 Chevrolet Monte Carlo automobile.

3. The automatic stay is hereby VACATED as to Chrysler's enforcement of its security interest in the automobile.